UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 23-cr-00238-01 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| CORTEZ D PORTER (01) | MAGISTRATE JUDGE HORNSBY |

### REPORT AND RECOMMENDATION

**Introduction**

Cortez D. Porter ("Defendant") is charged with one count of possession of a firearm by a convicted felon. Before the court is Defendant's Motion to Suppress (Doc. 22). For the reasons that follow, it is recommended that the motion be denied.

**Relevant Facts**

An evidentiary hearing was held on the motion to suppress. Testimony at the hearing, along with audio/video recordings from the search, established the following facts. In September of 2023, Agents with the Violent Crime Abatement Team, Caddo Parish Juvenile Services, Louisiana State Probation and Parole, and narcotics agents with the Office of Special Investigations began Operation Blue Thunder. The purpose of the operation was to find and take into custody probationers and parolees with outstanding warrants. Tr. 5-6.

The agents, led by Sgt. Steve McKenna, attempted to execute a warrant for second-degree murder on an individual named Zyun Thomas. Tr. 7. They went to the address listed in Thomas' juvenile probation file. Sgt. McKenna approached the residence and

knocked on the door. Ms. Givens, a family member of Thomas, answered the door. Tr. 8. McKenna explained that the officers were looking for Thomas, and Ms. Givens said he stayed at another family member's house. McKenna asked Ms. Givens if the agents could come inside and make sure Thomas was not hiding inside the residence, and Ms. Givens gave them consent. Tr. 9. Givens told the officers that her boyfriend and children were in the house. Tr. 10.

Officers entered the residence and looked for Thomas. The officers did not open drawers or look in small spaces Tr. 10-11. McKenna approached another officer who was standing in one of the bedrooms talking to Defendant. Defendant was sitting on the side of the bed. McKenna asked Defendant to stand and patted him down for officer safety. McKenna explained why the officers were there and asked him to leave the bedroom so that officers could clear the closet and underneath the bed. Tr. 11-12.

After Defendant left the room. McKenna looked in the closet and underneath the bed. He lifted the mattress to make sure no one was hiding inside the box spring. He saw a pistol that had been stored underneath the mattress. Tr. 13. Within about 20 to 30 minutes, McKenna discovered that Defendant had a warrant out of Texas for possession of a firearm by a convicted felon. Tr. 15. Another officer read Defendant his <u>Miranda</u> rights and asked Defendant for a DNA sample, which Defendant refused.

**The Motion to Suppress**

Defendant argues that the protective sweep of the residence was not reasonable because officers did not have a reason to believe that Zyun Thomas was at the residence. Defendant asserts that once Ms. Givens told officers that Thomas did not live at the

residence and that he lived with their grandmother, officers should have completed their search at that location. Defendant argues that no circumstances arose while officers were at the residence that caused them to be concerned for their safety. Finally, Defendant argues that officers exceeded the scope of a protective sweep necessary to ensure officer safety.

**Law and Analysis**

The protective sweep doctrine allows government agents, without a search warrant, to conduct a quick and limited search of premises for the safety of the agents and others present at the scene. United States v. Brown, 230 F.Supp.3d 513, 525-27 (M.D. La. 2017), citing United States v. Mendez, 431 F.3d 420, 428 (5th Cir. 2005). A protective sweep of a house is legal if (1) the government agents have a legitimate law enforcement purpose for being in the house, (2) the sweep is supported by a reasonable, articulable suspicion that the area to be swept harbors an individual posing a danger to those on the scene, (3) the sweep is no more than a cursory inspection of those spaces where a person may be found, and (4) the sweep lasts no longer than is necessary to dispel the reasonable suspicion of danger and lasts no longer than the police are justified in remaining on the premises. Id; United States v. Haywood, 2017 WL 6045968, at *3 (W.D. La. 2017), report and recommendation adopted, 2017 WL 6046138 (W.D. La. 2017).

As to the first factor, Defendant concedes that the officers entered the residence legally with Ms. Givens' consent. The officers were there for a legitimate law enforcement purpose as they were looking for the subject of an arrest warrant. As to the second factor, Sgt. McKenna received the address of the residence from a probation officer for Caddo

Juvenile Services. The address was listed in Zyun Thomas' probation file. Tr. 8. The officers also knew that one of the outstanding warrants for Thomas included a second-degree murder charge. Tr. 7. Accordingly, the officers had reasonable, articulable suspicion that Thomas was a dangerous individual and that he was at the residence.

As to the third and fourth factors, Sgt. McKenna testified that officers searched only those areas that were large enough to conceal a person. Tr. 11. They did not open drawers or look in small spaces. McKenna looked underneath the mattress because individuals can cut out the box spring and hide inside it underneath the mattress. Tr. 13. The video shows that the sweep lasted approximately six minutes. Gov. Ex. 4. Based on all of these factors, the court finds that the officers performed a valid protective sweep.

The court also finds that the officers performed the sweep of the home based on Ms. Givens' consent. A warrantless entry into and search of a dwelling is presumptively unreasonable unless consent is given, or probable cause and exigent circumstances justify the encroachment. United States v. Jones, 239 F.3d 716, 719 (5th Cir.2001). To satisfy the consent exception, the government must prove by a preponderance of the evidence that consent to the search was freely and voluntarily given. The voluntariness of consent is a question of fact to be determined from a totality of the circumstances. United States v. Santiago, 410 F.3d 193, 199 (5th Cir. 2005). The Government must demonstrate that there was effective consent, given voluntarily, by a party with actual or apparent authority. United States v. Scroggins, 599 F.3d 433, 442 (5th Cir. 2010).

Before entering the home, Sgt. McKenna asked Ms. Givens if they could walk through the house make sure Thomas was not hiding. Givens told them they could come

inside the home. Tr. 9. The officers did not coerce Ms. Givens or insinuate that they would enter her house based on authority from the arrest warrant without her consent. Gov. Ex. 4. Ms. Givens was the primary resident at the apartment and had authority to give consent to law enforcement to search for Zyun Thomas, and she did so freely and voluntarily.

Accordingly,

It is recommended that Defendant's Motion to Suppress (Doc. 22) be denied.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Crim. P. 59(b)(2), parties aggrieved by this recommendation have **fourteen (14) days** from the date of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Crim. P. 45(b). A party may respond to another party's objections within **fourteen (14) days** from the filing of the objections. Counsel are directed to furnish a paper copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendation set forth above shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7th day of May, 2024.



Mark L. Hornsby
U.S. Magistrate Judge